Case 2:23-cv-00004   Document 11   Filed on 07/13/23 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
July 13, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| STATE FARM LLOYDS AS SUBROGEE OF AURORA MARTINEZ, § § § § | | |
| Plaintiff, § | | |
| v. § | CIVIL ACTION NO. 2:23-CV-00004 | |
| AEP TEXAS INC., § § | | |
| Defendant. § § | | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This is a negligence and breach of express and implied warranties suit arising from a fire on Aurora Martinez's property on or about April 11, 2022. (Doc. No. 1-4, pp. 3-4.) On January 4, 2023, this case was removed from the 319th Judicial District Court of Nueces County, Texas. (Doc. Nos. 1, 1-1, 1-2.) At the time of removal, the case was removable under federal diversity jurisdiction. (Doc. No. 1-2, p. 2); *see* 28 U.S.C. § 1332. Now, in addition to claims against Defendant AEP Texas Inc., Plaintiff State Farm Lloyd's, as Martinez's subrogee, seeks to add a negligence claim against Martinez's a neighbor, Frank Ramos, and to file an amended complaint reflecting the addition of Ramos as a defendant. (Doc. No. 10.) Because AEP Texas does not oppose the joinder of Ramos and the filing of the amended complaint, and because leave should be freely given when justice so requires, the undersigned recommends that State Farm Lloyds' motion for leave to join an additional party and to file an amended complaint (Doc. No. 10) be

GRANTED, and that this case then be REMANDED to the state court from whence it came for lack of subject matter jurisdiction.

### A. Procedural history and summary of Plaintiff's filing.

On November 30, 2022, State Farm Lloyds filed its original complaint in Texas' 319th Judicial District Court, Nueces County, Texas. (Doc. No. 1-4.) Because the parties at the time of removal were completely diverse and the amount in controversy exceeded $75,000, the action was removable under 28 U.S.C. § 1332. (Doc. No. 1-2, p. 2 ¶ 4.) State Farm Lloyds is incorporated in Texas with its principal place of business in Illinois. *Id*. Therefore, Plaintiff is domiciled in both Texas and Illinois. AEP Texas is a Delaware corporation with its principal place of business in Ohio. *Id*. ¶ 5. Therefore, AEP Texas is domiciled in both Delaware and Ohio. These parties are plainly diverse. Venue was proper in this Court pursuant to 28 U.S.C. § 1441(b), because this Court is the United States District Court for the district where the Nueces County court is located and where the state court action was pending. *See* Doc. No. 1-2, p. 3 ¶ 7.

On June 29, 2023, AEP Texas shared the preliminary findings of its expert with State Farm Lloyds, including that AEP Texas' expert is expected to testify that the condition of a tree on Ramos' property caused or contributed to the fire. (Doc. No. 10, p. 1 ¶ 2.) Accordingly, on June 30, 2023, State Farm Lloyds filed an unopposed motion for leave to join Ramos to this action and to file an amended complaint. *Id*. ¶ 3.

State Farm Lloyds' proposed amended complaint alleges that Ramos was negligent by breaching his "duty to exercise reasonably prudent and ordinary care in maintaining the tree on his property in a manner that did not cause Aurora Martinez to incur the damages noted herein." (Doc. No. 10-1, p. 4 ¶ 15.) State Farm Lloyds alleges that Ramos is domiciled in Texas. *Id*. at 1 ¶ 3. Plaintiff explains that if Ramos is joined as a defendant, the Court will no longer have

subject matter jurisdiction over the suit, because there will no longer be complete diversity of citizenship between Plaintiff and all defendants.  (Doc. No. 10-1, p. 2 ¶ 5.)  Therefore, if the Court grants leave to file the amended complaint, Plaintiff prays that the Court remand the action back to the state court in which it was originally filed, the 319th Judicial District Court of Nueces County, Texas pursuant to 28 U.S.C. § 1447(e).  *Id*.

### B. Discussion.

#### 1. The Court should give leave for State Farm Lloyds to join Ramos as a defendant in this action, and to file its first amended complaint.

State Farm Lloyds seeks leave to join a nondiverse additional party, Ramos, and to file an amended complaint.  (Doc. No. 10.)  Plaintiff filed its motion within the deadline set forth in the Scheduling Order (Doc. No. 9) for joining parties and amending pleadings, and Defendant AEP Texas is unopposed to the motion.  *See id*.

Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  However, "[a]lthough Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend 'should be freely given when justice so requires' and Rule 20 permits joinder of parties, the Court is obligated to scrutinize the proposed amendment more closely than an amendment that does not destroy diversity." *Gonzales v. Walmart Stores Tex., LLC*, No. SA-21-CV-00415-XR, 2021 WL 2525574, at *2 (W.D. Tex. June 17, 2021).  "In *Hensgens*[*v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)]*,* the Fifth Circuit identified four factors relevant to this scrutiny: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for amendment; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities." *Lowe v. Singh*,

No. CIV.A. H-10-1811, 2010 WL 3359525, at *1 (S.D. Tex. Aug. 23, 2010) (Werlein, J.) (internal citation omitted). "[T]he balancing of these competing interests is not served by a rigid distinction of whether the proposed added party is an indispensable or permissive party." *Hensgens*, 833 F.2d at 1182. "After examining these factors, the Court is to balance the equities of the case and use discretion to decide whether to permit the amendment destroying diversity." *Gonzales*, 2021 WL 2525574, at *2.

> ***a. The extent to which the purpose of the amendment is to defeat federal jurisdiction.***

The first *Hensgens* factor is "the extent to which the purpose of that amendment is to defeat federal jurisdiction. 833 F.2d at 1182. "When considering this first factor, courts take into account whether the plaintiff knew or should have known the identity of the non-diverse defendant when the state court complaint was filed." *Gallegos v. Safeco Ins. Co. of Ind.*, No. H–09–2777, 2009 WL 4730570, at *3 (S.D. Tex. Dec. 7, 2009) (Rosenthal, J.) (internal quotations omitted). "[C]ourts have [] recognized that when a plaintiff states a valid claim against a defendant, it is unlikely that the primary purpose of bringing those defendants into litigation is to destroy diversity jurisdiction." *Lowe*, 2010 WL 3359525, at *2. In addition, "if a plaintiff had not filed a motion for remand before moving to amend, the court could reasonably conclude that the primary reason to amend was not to defeat jurisdiction." *Boyce v. CitiMortgage, Inc.*, 992 F. Supp. 2d 709, 717 (W.D. Tex. 2014).

Here, State Farm Lloyds offers two reasons other than defeating diversity for its amendment: that it did not know that Ramos' negligence relating to Martinez's fire existed until after getting information about his possible liability from an expert, *see* Doc. No. 10, p. 1 ¶ 2, and that State Farm Lloyds is asserting a separate and valid claim for negligence against Ramos

arising out of the same conduct, transaction, or occurrence set forth in the original complaint. *Id*. ¶¶ 1, 3.

The undersigned finds these reasons valid and accurate. Thus, the undersigned finds that the primary purpose of the amendment is not to destroy diversity jurisdiction of this Court, but to assert a valid claim against Ramos. The first factor weighs in favor of permitting the amendment.

### b. *Whether Plaintiff has been dilatory in asking for the amendment.*

The second *Hensgens* factor is "whether [the plaintiff] has been dilatory in asking for the amendment." 833 F.2d at 1182. "Generally, a plaintiff is not dilatory in seeking to amend a complaint when no trial or pre-trial dates [have been] scheduled and no significant activity beyond the pleading stage has occurred." *Gonzales*, 2021 WL 2525574, at *4 (citations omitted).

Here, there has been no significant activity beyond the pleading stage. State Farm Lloyds did seek leave to file an amended complaint over two months after the Court's scheduling order, but State Farm Lloyds did not have full knowledge of any possible claim against Ramos until it received information from AEP Texas' expert on June 29, 2023. (Doc. No. 10, p. 1 ¶ 2.) The next day, State Farm Lloyds moved for leave to amend. *Id*. Therefore, the second factor also weighs in favor of permitting the amendment.

### c. *Whether Plaintiff will be significantly injured if the amendment is not allowed.*

The third *Hensgens* factor is "whether the plaintiff will be significantly injured if the amendment is not allowed." 833 F.2d at 1182. Courts consider "whether a plaintiff can be afforded complete relief in the absence of the amendment," *see Lowe*, 2010 WL 3359525, at *3,

and "whether the plaintiff will be forced to litigate their action against the non-diverse defendants in a different court system, on a different timetable, subject to different procedural rules and conflicting results, and under the weight of additional financial burden," *see Adey/Vandling, Ltd. v. Am. First Ins. Co.,* No. A-11-CV-1007-LY, 2012 WL 534838, at *4 (W.D. Tex. Feb. 17, 2012).

Because Ramos is a nondiverse party, if State Farm Lloyds is denied leave to amend and proceeds with its claim against Ramos, State Farm Lloyds would be forced to do so in a Texas state court. Consequently, any action against Ramos would be subject to a different timetable, different procedural rules, and additional legal expenses. It may also give rise to conflicting results. Thus, the third factor also weighs in favor of permitting the amendment.

### d. Other factors bearing on the equities.

The fourth *Hensgens* factor is whether there are "any other factors bearing on the equities" of granting or denying amendment. 833 F.2d at 1182. Neither party points to any factors separate from the first three that might bear on the equities in this case.

Notably, AEP Texas is unopposed to State Farm Lloyds' motion to join Ramos as a defendant. (Doc. No. 9, pp. 2-5.) AEP Texas does not contend that it would suffer any prejudice upon the filing of the amended complaint, that Plaintiff moved for filing of the amended complaint in bad faith or undue delay; it is unopposed to the filing, and in fact has not responded to the motion. Therefore, based on the foregoing analysis, the undersigned recommends that State Farm Lloyds be granted leave to join Ramos as a defendant and to file its amended complaint.

### *2. If the Court grants State Farm Lloyds' motion, then the Court must remand this action back to state court.*

"[A] motion to remand for lack of subject matter jurisdiction may be filed at any time between removal and final judgment." *Barcelona Lofts, LLC v. Travelers Indem. Co. of Am.*, No. SA-17-CV-1048-OLG, 2018 WL 5787469, at *2 (W.D. Tex. Nov. 5, 2018), *adopted*, 2018 WL 6190361 (W.D. Tex. Nov. 20, 2018) (citing 28 U.S.C. § 1447(c)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[F]ederal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 919 (5th Cir. 2001). The purported basis for removal in this case, diversity jurisdiction, requires complete diversity between all plaintiffs and all defendants and an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1332 and 1441.

Because this action is based entirely on state law claims, subject matter jurisdiction with this Court exists only if there is diversity jurisdiction, or rather, if complete diversity between the parties remains. If Ramos is added as a defendant, it does not. With the addition of Ramos, a new party whose domicile is in Texas, *see* Doc. No. 1-2, p. 1 ¶ 3, like the domicile of Plaintiff, *see* Doc. No. 1-2, p. 2 ¶ 4, complete diversity between the parties is destroyed. Therefore, if the Court permits joinder of the additional defendant, as is recommended, then the Court will no longer have subject matter jurisdiction over the case, and the case must be remanded to the 319th Judicial District Court of Nueces County, Texas pursuant to 28 U.S.C. § 1447(e).

### C. Recommendation.

The undersigned recommends that Plaintiff's motion for leave to join an additional party and file an amended complaint (Doc. No. 10) be GRANTED, and that this case be REMANDED to state court because of a lack of subject matter jurisdiction.

### D. Notice

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **14 days** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **14 days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on July 13, 2023.

_____
MITCHEL NEUROCK
United States Magistrate Judge