UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| STATE FARM LLOYDS AS SUBROGEE OF AURORA MARTINEZ, § § § | |
| v. § | CIVIL ACTION NO. 2:23-cv-00004 |
| § § | |
| AEP TEXAS INC. § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Plaintiff **STATE FARM LLOYDS AS SUBROGEE OF AURORA MARTINEZ** ("State Farm" and/or "Plaintiff"), complaining of Defendants, **AEP TEXAS INC.** ("AEP") and **FRANK RAMOS** ("Ramos") (AEP and Ramos are collectively referred to herein as "Defendants"), and for cause of action would respectfully show the Court as follows:

### I. PARTIES, VENUE, AND JURISDICTION

1. Plaintiff **STATE FARM LLOYDS AS SUBROGEE OF AURORA MARTINEZ**, as a real party in interest, is an insurance company doing business in the State of Texas.

2. Defendant **AEP TEXAS INC.** is a foreign for-profit corporation doing business in the State of Texas, has made an appearance herein, and is being served with a copy of this pleading by and through its attorney of record.

3. Defendant **FRANK RAMOS** is an individual residing in the State of Texas and may be served with process at his residence: 5330 Curtis Clark Drive, Corpus Christi, Texas 78411.

4. Venue of this suit is proper under 28 U.S.C. 1391(b)(2) because a substantial part of the events giving rise to this lawsuit occurred in this district.

EXHIBIT A

PLAINTIFF'S FIRST AMENDED COMPLAINT – Page 1

5.      The Court no longer has jurisdiction over this lawsuit under 28 U.S.C. 1332(a)(1) because there is not complete diversity of citizenship between Plaintiff and all Defendants. Accordingly, pursuant to 28 U.S.C. 1447€, the case should be remanded to the state court in which it was originally filed, the 319th Judicial District Court, Nueces County, Texas.

## II. FACTUAL BACKGROUND

6.      At all relevant times herein, Aurora Martinez was the owner of the residence located at 5334 Curtis Clark Drive, Corpus Christi, Texas 78411 (the "Property"). At all relevant times, the Property was insured by an insurance policy issued by State Farm Lloyds.

7.      On or about April 11, 2022, a fire occurred at the Property. Upon inspection, it was determined that: (1) a utility pole failed and damaged electrical lines running to the Property, which caused the home grounding system to become energized, which caused the fire, and/or (2) limbs from a tree on neighboring property contacted the triplex service drop to the Property and caused an energized ground which caused the fire. The utility pole was owned and/or serviced and/or otherwise maintained by Defendant AEP. The tree at issue was owned and under the control of Defendant Ramos. The fire damaged and/or destroyed a substantial amount of Aurora Martinez's real and personal property.

8.      As a direct, proximate, and producing result of Defendants' actions and omissions, Aurora Martinez suffered damages to her real and personal property, which had to be repaired and/or replaced. Pursuant to an insurance policy in effect for the date of loss, Plaintiff compensated Aurora Martinez for the covered losses she incurred as a result of Defendants' conduct. Plaintiff State Farm Lloyds as Subrogee of Aurora Martinez bring this lawsuit to recover its subrogation interest from Defendants.

### III. CAUSES OF ACTION AGAINST DEFENDANT AEP

### Count One -- Negligence

9.      Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

10.     Plaintiff would show that on the occasion in question, Defendant AEP owed a duty to exercise reasonably prudent and ordinary care in installing, maintaining, and/or servicing its equipment in a manner that did not cause Aurora Martinez to incur the damages noted herein. Defendant AEP breached this duty by negligently and recklessly installing, maintaining, and/or servicing the utility pole at issue in a manner that caused the fire and resulting damages. Defendant AEP breached its duty to Aurora Martinez and, as a direct and proximate result of its negligence, caused Plaintiff to suffer damages.

11.     Plaintiff would show that Defendant AEP's negligence was a proximate cause of Plaintiff's damages in an amount within the jurisdictional limits of this Court.

### Count Two -- Breach of Express and Implied Warranties

12.     Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

13.     Defendant AEP held out to the general public, and to Aurora Martinez specifically, that it would install, maintain, and/or service its equipment in a manner that would conform to the standards used by other entities and/or persons who provide similar services to homeowners and the public. By failing to act as a reasonable person or company would under the same or similar circumstances, Defendant AEP breached express and implied warranties, resulting in damages to Aurora Martinez, and caused Plaintiff to suffer damages in an amount within the jurisdictional limits of this Court.

## IV. CAUSES OF ACTION AGAINST DEFENDANT RAMOS

### Count One -- Negligence

14.    Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

15.    Plaintiff would show that on the occasion in question, Defendant Ramos owed a duty to exercise reasonably prudent and ordinary care in maintaining the tree on his property in a manner that did not cause Aurora Martinez to incur the damages noted herein. Defendant Ramos breached this duty by negligently and recklessly maintaining the tree on his property in a manner that caused the fire and resulting damages. Defendant Ramos breached its duty to Aurora Martinez and, as a direct and proximate result of its negligence, caused Plaintiff to suffer damages.

Plaintiff would show that Defendant Ramos' negligence was a proximate cause of Plaintiff's damages in an amount within the jurisdictional limits of this Court.

## V. DAMAGES

16.    As a result of the acts and omissions of Defendants, Aurora Martinez sustained damages, including damage to her real and personal property, in the amount of at least **$198,454.50**. Pursuant to an insurance policy in effect for the date of loss, State Farm Lloyds compensated Aurora Martinez for the covered damages she sustained as a result of Defendants' conduct. State Farm Lloyds is now exercising its rights to contractual and equitable subrogation by filing this lawsuit against Defendants. After allowing for all just and lawful offsets, payments, and credits, Defendants continue to be indebted to Plaintiff in at least the amount of **$198,454.50**.

17.    Plaintiff hereby asserts its claim for general damages and damages for cost of repair, as described above. All conditions precedent to Plaintiff's recovery have been performed or have occurred as required.

# **PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff **STATE FARM LLOYDS AS SUBROGEE OF AURORA MARTINEZ** requests that Defendants take notice of the filing of this First Amended Complaint, be cited to appear and answer herein, and that upon final hearing, Plaintiff recovers from Defendants:

1. A judgment against Defendants, jointly and severally, for actual damages in at least the amount of **$198,454.50**;

1. A judgment against Defendants, jointly and severally, for pre- and post-judgment interest as provided by law;

3. A judgment against Defendants, jointly and severally, for all costs of court and attorneys' fees incurred by Plaintiff; and

4. A judgment against Defendants for such other and further relief, both general and specific, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**CARPENTER & SCHUMACHER, P.C.**

By:  */s/ Douglas C. Heuvel*
      **N. Scott Carpenter**
      State Bar No. 00790428
      *scarpenter@cstriallaw.com*
      **Douglas C. Heuvel**
      State Bar No. 24036772
      *dheuvel@cstriallaw.com*
      Parkway Centre V
      2500 Dallas Parkway, Suite 495
      Plano, Texas 75093
      (972) 403-1133
      Fax (972) 403-0311
*ATTORNEY FOR PLAINTIFF*
*STATE FARM LLOYDS AS SUBROGEE OF*
*AURORA MARTINEZ*

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and correct copy of the above and foregoing was served, in accordance with the Federal Rules of Civil Procedure, upon the following counsel on the ____ day of June 2023:

G. Don Schauer
Schauer & Simank, P.C.
615 N. Upper Broadway, Suite 700
Corpus Christi, Texas 78401-0781
*Attorneys for Defendant*
*AEP Texas Inc.*

                 */s/ Douglas C. Heuvel*
                 DOUGLAS C. HEUVEL